Dismissed and Memorandum Opinion filed January 12, 2006









Dismissed and Memorandum Opinion filed January 12,
2006.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-01183-CV

____________

 

JOSEPH and
ETTA SUE FRANTZ, Appellants

 

V.

 

BRIAN and
SHERRY MURPHY, Appellees

 



 

On Appeal from the
268th District Court

Fort Bend
County, Texas

Trial Court Cause No.
03-CV-128019

 



 

M E M O R A N D U M   O P I N I O N

The trial court signed a summary judgment on May 17,
2005.  Appellants filed a motion for new
trial on June 15, 2005.  On August 17,
2005, the trial court signed an order granting appellees= motion to modify the judgment and a
new final summary judgment.  No further
motion for new trial was filed. 
Appellant=s notice of appeal not was filed until November 15, 2005.








The notice of appeal must be filed within thirty days after
the judgment is signed unless appellant has filed a timely motion for new
trial, motion to modify the judgment, motion to reinstate, or request for
findings of fact and conclusion of law.  See Tex.
R. App. P. 26.1.  Thus, the deadline
to file a notice of appeal from the original judgment was August 15, 2005,
ninety days after the judgment was signed. 
See id.  The deadline to
appeal is calculated from the modified August 17, 2005 judgment, however.  See Tex.
R. App. P. 4.3.  The deadline was
September 16, 2005, because no motion for new trial was filed after the
modified judgment.

On December 14, 2005, notification was transmitted to all
parties of the court=s intention to dismiss the appeal for want of
jurisdiction.  See Tex. R. App. P. 42.3(a).  Appellants filed a response in which they
argue that their June 15, 2005 motion for new trial should be effective to
extend the time for perfection to ninety days after the modified August 17,
2005 judgment, making their notice of appeal timely.  They assert their motion for new trial was
premature.  A prematurely filed motion
for new trial will be Adeemed to be filed on the date of but subsequent to the time
of signing of the judgment the motion assails . . . .@ 
Tex. R. Civ. P. 306c
(emphasis added).  The motion for new
trial in this case did not assail the August 17, 2005 judgment, which was
entered after appellants= motion for new trial was overruled.[1]  Therefore, there was no new post-judgment
motion to extend the appellate timetable beyond thirty days after the August
17, 2005 judgment.  Appellants= notice of appeal is untimely.  Appellants provide no reason for their
failure to file their notice of appeal within thirty days after the new judgment
was signed.  








Appellants argue in the alternative that they should be
permitted to proceed with a restricted appeal. 
Appellants filed a timely motion for new trial after the original May
17, 2005 judgment.  Therefore, appellants
are not entitled to a restricted appeal. 
See Tex. R. App. P. 30
(limiting restricted appeals to parties who did not filed a timely
post-judgment motion).  

Accordingly, the appeal is ordered dismissed.

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed January 12, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Anderson. 

 











[1]   The record
indicates a hearing was conducted on the motion for new trial on July 29, 2005,
but it does not contain an order overruling the motion.  If no order was signed, the motion was
overruled by operation of law on July 31, 2005. 
See Tex. R. Civ. P. 329b(c).  The trial court retained plenary power to
enter the modified judgment for thirty days after the motion for new trial was
overruled.  See Tex. R. Civ. P. 329b(e).  Moreover, the trial court=s order corrected a clerical error and was proper
under Texas Rule of Civil Procedure 316, even after the expiration of plenary
power.  If a clerical correction is made
after the expiration of plenary power, the time to complain on appeal about the
original judgment is not extended.  See
Tex. R. Civ. P. 329b(h).